**LITE DEPALMA GREENBERG & RIVAS, LLC**
Allyn Z. Lite (AL-6774)
Joseph J. DePalma (JD-7697)
Two Gateway Center, 12th Floor
Newark, New Jersey   07102
(973) 623-3000

**WECHSLER HARWOOD HALEBIAN & FEFFER LLP**
Robert I. Harwood
Joshua D. Glatter
488 Madison Avenue, 8th Floor
New York, NY 10022
(212) 935-7400

Proposed Lead Counsel for Plaintiffs and the Class

FILED

APR 17 2001

AT 8:30 ............... M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MARVIN MYERS, on behalf of himself, and all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SCHERING-PLOUGH CORPORATION, RICHARD J. KOGAN and THOMAS H. KELLY, | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 01-CV-829 (KSH)

[Additional captions below]

**DECLARATION OF ROBERT I. HARWOOD IN SUPPORT OF THE MOTION OF BRIDGEWATER PARTNERS FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF THE PROPOSED LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

DOMINIC CASTALDO, on behalf
of himself, and all others similarly
situated,

                Plaintiff,

        v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

               Defendants.

Civil Action No. 01-CV-916 (KSH)

---

BRENDA GREENBLATT, on behalf
of herself, and all others similarly
situated,

                Plaintiff,

        v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

               Defendants.

Civil Action No. 01-CV-917 (KSH)

---

BRIDGEWATER PARTNERS, on behalf
of itself, and all others similarly
situated,

                Plaintiff,

        v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

               Defendants.

Civil Action No. 01-CV-934 (KSH)

|  |  |
|---|---|
| JACOB WOHLBERG, on behalf of himself, and all others similarly situated, | ) ) ) ) Civil Action No. 01-CV-935 (KSH) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SCHERING-PLOUGH CORPORATION, RICHARD J. KOGAN, THOMAS H. KELLY, and JOHN AND JANE DOES I THROUGH X, | ) ) ) ) |
| Defendants. | ) ) |

|  |  |
|---|---|
| DAVID S. WINSTON, on behalf of himself, and all others similarly situated, | ) ) ) ) Civil Action No. 01-CV-936 (KSH) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SCHERING-PLOUGH CORPORATION, RICHARD J. KOGAN and THOMAS H. KELLY, | ) ) ) |
| Defendants. | ) ) |

|  |  |
|---|---|
| STEVEN GREENE, on behalf of himself, and all others similarly situated, | ) ) ) Civil Action No. 01-CV-1067 (KSH) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SCHERING-PLOUGH CORPORATION, RICHARD J. KOGAN and THOMAS H. KELLY, | ) ) ) |
| Defendants. | ) ) |

TODD SIMON, on behalf
of himself, and all others similarly
situated,                                           ) Civil Action No. 01-CV- 1134 (KSH)

                                   Plaintiff,

                v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN, THOMAS H. KELLY,
and JOHN AND JANE DOES I THROUGH X,

                          Defendants.

---

JOSHUA  H. GRABAR, on behalf
of himself, and all others similarly
situated,                                           ) Civil Action No. 01-CV-1155 (KSH)

                                   Plaintiff,

                v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

                          Defendants.

---

MARC RATZERDORFER, on behalf
of himself, and all others similarly
situated,                                           ) Civil Action No. 01-CV-1303 (KSH)

                                   Plaintiff,

                v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

                          Defendants.

EUGENE OLSON, on behalf
of himself, and all others similarly
situated,

                    Plaintiff,

       v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

             Defendants.

)   Civil Action No. 01-CV-1350 (KSH)

GLORIA A. PADGETT, on behalf
of herself, and all others similarly
situated,

                    Plaintiff,

       v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

             Defendants.

)   Civil Action No. 01-CV-1368 (KSH)

GEORGE PINER, on behalf
of himself, and all others similarly
situated,

                    Plaintiff,

       v.

SCHERING-PLOUGH CORPORATION,
RICHARD J. KOGAN and THOMAS H. KELLY,

             Defendants.

)   Civil Action No. 01-CV-1368 (KSH)

I, ROBERT I. HARWOOD, declare:

1.     I am a member of the law firm of Wechsler Harwood Halebian & Feffer LLP ("Wechsler Harwood"), counsel for the plaintiff in the action captioned <u>Bridgewater Partners  v. Schering-Plough Corp., et al.</u>, Civil Action No. 01-CV-934 (KSH) (Feb. 23, 2001).

2.     I submit this declaration in support of the motion by plaintiff Bridgewater Partners ("Bridgewater") for appointment as lead plaintiff for those shareholders who acquired their securities of Schering-Plough Corporation ("Schering-Plough") between July 25, 2000 and February 15, 2001 (the "Class") and for approval of its selection of Wechsler Harwood as lead counsel and Lite DePalma Greenberg & Rivas, LLC as liaison counsel.  Except as otherwise stated, I have personal knowledge of the facts stated in this declaration and, if called upon as a witness, could competently testify to them.

3.     The Court is respectfully directed to Bridgewater's summary of allegations detailed in the memorandum of law submitted in connection with the accompanying motion for consolidation, appointment of Bridgewater as lead plaintiff, and approval of its selection of lead counsel.

4.     Attached hereto are true and correct copies of the following documents referred to in the accompanying memorandum of law:

Exhibit A:     Sworn Certification executed by Bridegwater.

Exhibit B:     Bridgewater's Summary of Damages.

Exhibit C:     Notice published by the plaintiff in the <u>Myers v Schering-Plough Corp., et al.</u> Action, 01-CV-829 (KSH) (Feb. 16, 2001).

Exhibit D:     Firm Resume of Wechsler Harwood Halebian & Feffer LLP.

Exhibit E:     Firm Resume of Lite DePalma Greenberg & Rivas, LLC

5.     Bridgewater's damages, as set forth in Exhibit B, are calculated according to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4.

6.     As detailed in the accompanying memorandum of law, Bridgewater should be appointed Lead Plaintiff for the Class, and its selection of Lead Counsel should be approved, because it represents the largest financial interest in the action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 16, 2001
      New York, New York

_____
Robert I. Harwood

RECYCLED

WECHSLER HARWOOD HALEBIAN & FEFFER LLP

## SCHERING-PLOUGH CORPORATION
### CERTIFICATION OF NAMED PLAINTIFF
### PURSUANT TO FEDERAL SECURITIES LAWS

Bridgewater Partners ("Plaintiff"), declares as to the claims asserted under the federal securities laws, that Plaintiff has reviewed the Complaint and authorized its filing.

1.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

2.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

3.    Plaintiff's transactions in the securities that are the subject of this action during the Class Period are as follows:

| Security | Transaction | | Price (Per Share) | Date |
|---|---|---|---|---|
| Common Stock | 10,000 | Shares Purchased | $ 48.34 | 2/15/01 |
| | | Shares Purchased | $ | |
| 3200/3200 | | Shares Sold | $ 41.98 P | 2/15/01 |
| 6800 | | Shares Sold | $ 40.30 | 2/16/01 |

\* If more purchases and/or sales were made, please attach a separate sheet of paper. \*

4.    Plaintiff has sought to serve or served as a representative party for a class in the following actions filed under the Securities Exchange Act of 1934 or Securities Act of 1933 subsequent to December 22, 1995 (none unless otherwise noted).
            CENDANT CORP.

5.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20 day of February , 2001, at

_____New York_____,  _____New York_____.
        (City)                (State)

                                    **Bridgewater Partners**

By: _____

Title: _____Gen. Part_____

SCHERING-PLOUGH
DAMAGES

| Shareholder | Purchase Date | Shares Bought | Purchase Price | Cost | Sale Date | Shares Sold | Sale Price | Proceeds | Damages | Total Damages |
|---|---|---|---|---|---|---|---|---|---|---|
| **Bridgewater Partners** | 2/15/01 | 5000 | 48.34 | $ 241,700.00 | 2/15/01 | 3200 | 41.968 | 134,297.60 | $ (107,402.40) | |
| | 2/15/01 | 5000 | 48.34 | $ 241,700.00 | 2/16/01 | 6800 | 40.3 | 274,040.00 | $ 32,340.00 | |
| | | **10,000** | | | | | | | | $ (75,062.40) |
| | | | | | | | | TOTAL | | $ (75,062.40) |

Friday February 16, 3:03 pm Eastern Time

Press Release

# Law Firm Milberg Weiss Announces Class Action Suit Against Schering-Plough Corporation

NEW YORK--(BUSINESS WIRE)--Feb. 16, 2001--The following is an announcement by the law firm of Milberg Weiss Bershad Hynes & Lerach LLP:

The law firm of Milberg Weiss Bershad Hynes & Lerach LLP announces that a class action lawsuit was filed on February 16, 2001, on behalf of purchasers of the securities of Schering-Plough Corporation (``Schering-Plough'' or the ``Company'') (NYSE: **SGP** - **news**) between July 25, 2000 and February 15, 2001, inclusive. A copy of the complaint filed in this action is available from the Court, or can be viewed on Milberg Weiss' website at: **http://www.milberg.com/scheringplough/**

The action is pending in the United States District Court for the District of New Jersey, located at Martin Luther King, Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, against defendants Schering-Plough, Richard J. Kogan (Chairman and Chief Executive Officer of the Company) and Thomas H. Kelly (Vice President and Controller of the Company). The docket number for the case has not yet been assigned nor has a presiding judge been designated. A further notice to class members will be published when this information becomes available.

The Complaint alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. During the Class Period, Schering-Plough issued three earnings releases highlighting the Company's success and continued growth. These releases contained statements that were materially false and misleading because they failed to disclose certain material facts, including, inter alia:

- (a) that the Company was experiencing manufacturing difficulties at its plants in Union, N.J., Kenilworth, N.J., Manati, Puerto Rico and Las Piedras, Puerto Rico, such that it was distracted from producing products at the levels budgeted for the respective plants;

- (b) that the Company's manufacturing policies and procedures at its plants in Union, N.J., Kenilworth, N.J., Manati, Puerto Rico and Las Piedras, Puerto Rico, did not comply with applicable FDA regulations regarding the manufacture of pharmaceutical products;

- (c) that the Company's manufacturing problems were more widespread and severe than the previously-announced problems at the aerosol plant;

- (d) given the Company's manufacturing difficulties, the risk that the FDA would force the Company to curtail its operations and delay FDA approval of desloratadine so that the Company could correct the problems was much greater than defendants had disclosed; and

(e) that based on past practices and policies of the FDA and the nature and extent of the identified deficiencies, it was certain that the FDA would conduct a follow-up inspection of the New Jersey facilities.

The Complaint further alleges that defendants' failure to disclose the extent of its exposure to its manufacturing problems, falsely implied that there were no known impediments to receiving approval for its most-important new drug, desloratadine, which was in the final stage of the FDA's review process. Desloratadine, which is to be marketed as Clarinex, is scheduled to be the successor drug to Claritin, once the patent for Claritin expires in December 2002.

On February 15, 2001, Schering-Plough finally disclosed the extent of the problems it was experiencing with its manufacturing practices and announced that it would be reducing sales and earnings expectations for the first quarter of 2001 and for the full-year 2001. Additionally, the Company reported that the FDA was requiring that all of its manufacturing deficiencies be resolved before the FDA would grant final approval of desloratadine.

The response of the market to this announcement was immediate and punitive. In after-hours trading, the price of Schering-Plough common stock sank to $38.75 per share after closing earlier in the day at $48.32. On February 16, 2001, the day after the announcement, the stock opened up for trading at $38.25.

If you are a member of the proposed class, as defined above, and you wish to file a motion to serve as Lead Plaintiff in the Action, you must file such a motion by April 17, 2001, in the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr., Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.

The Private Securities Litigation Reform Act of 1995 (the ``PSLRA'') sets forth the following requirements, among others, for any person seeking to serve as a representative:

Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that:

- (1) states that the plaintiff has reviewed the complaint and authorized its filing;

- (2) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of the plaintiff's counsel or in order to participate in any private action arising under this chapter;

- (3) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

- (4) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

- (5) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has

sought to serve as a representative party on behalf of a class; and

- (6) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4). 15 U.S.C.ss.78 u-4(a)(2)(A)(i)-(iv).

In addition, the PSLRA provides that the Court shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. In determining the ``most adequate plaintiff,'' the PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group that has either filed a complaint or made a motion for appointment as Lead Plaintiff, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. ss. 78 u- 4(a)(3)(iii). At the Lead Plaintiff selection stage, this latter requirement involves a preliminary showing that the proposed Lead Plaintiff's claims are typical of the claims of the class members, and that the Lead Plaintiff will be an adequate representative of the class. Any member of the alleged class may seek to be appointed as Lead Plaintiff, even if that person has not filed a complaint. Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain Milberg Weiss Bershad Hynes & Lerach LLP, or other counsel of your choice, to serve as your counsel in this action.

Milberg Weiss Bershad Hynes & Lerach LLP, a 170-lawyer firm with offices in New York City, San Diego, San Francisco, Los Angeles, Boca Raton, Seattle and Philadelphia, is active in major litigations pending in federal and state courts throughout the United States. Milberg Weiss has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of World War II and other human rights violations, and has been responsible for more than $30 billion in aggregate recoveries. The Milberg Weiss Web site (**http://www.milberg.com**) has more information about the firm.

If you wish to discuss this action with us, or have any questions concerning this notice or your rights and interests with regard to the case, please contact the following attorneys:

Steven G. Schulman or Samuel H. Rudman One Pennsylvania Plaza, 49th fl. New York, NY, 10119-0165

Phone number: (800) 320-5081 Email: **scheringploughcase@milbergNY.com** Website: http://www.milberg.com

---

*Contact:*

```
Milberg Weiss Bershad Hynes & Lerach LLP
Steven G. Schulman or Samuel H. Rudman
800/320-5081
scheringploughcase@milbergNY.com
```

## WECHSLER HARWOOD HALEBIAN & FEFFER LLP
## FIRM RESUME

Wechsler Harwood Halebian & Feffer LLP ("Wechsler Harwood" or the "Firm") is a firm that specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative suits, and securities arbitrations. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

The Firm is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we will go to trial, if necessary, to achieve a satisfactory result for our clients.

Wechsler Harwood has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' derivative and securities class action bar. In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders in public companies and to institutional lenders.

As a result, the Firm has been designated as lead or co-lead counsel, liaison counsel, special counsel, or a member of executive and steering committees in numerous complex

cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of substantial monetary and equitable benefits for investors, stockholders, corporations, and partnerships. By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions: 1) In re First Capital Holdings Corporation Financial Products Securities Litigation, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) In re JWP INC. Securities Litigation, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 3) In re Prudential Bache Energy Income Partnerships Securities Litigation, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) Katz, et al., v. Hay, (S.D.N.Y.) (creation of a $9.5 million settlement fund for purchasers of various securities of the LTV Corporation prior to its bankruptcy filing); 5) Sidney Morse, et al. v. Abbott Laboratories, et al., (N.D.Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs); and 6) Bush v. FDI Group, et al., (Fla. Circuit Ct.) (Partial settlement of a class and derivative action on behalf of investors in the Prime Plus Realty Limited Partnership in exchange for defendants' creation of a settlement fund of over $17 million).

## The Attorneys Of The Firm

The efforts of Stuart D. Wechsler, the senior partner in the Firm, in the area of securities litigation have received considerable judicial comment. U.S. District Court Judge Alvin K. Hellerstein commented in Doney v. Command Systems (98 Civ. 3279), in an opinion dated August 10, 1999 "I don't think it needs my comment to note that, Mr. Wechsler, you are a senior and most respected and most competent member of the securities class action bar. I would take

it as a given your hours are worth the rates that you charge and that the hours that you have put in reflect the efficiency with which you work." In a report dated May 23, 1977, in Bucher v. Shumway, 76 Civ. 2420 (S.D.N.Y.), United States Magistrate Leonard Bernikow stated that "Stuart Wechsler . . . is a leading expert in securities class action litigation."

In Langert v. Q-1 Corporation, [1973-74 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 94,445 (S.D.N.Y. 1974), a case that Mr. Wechsler prosecuted while at his prior firm, Goodkind, Wechsler, Labaton & Rudoff, Judge Carter of the Southern District of New York stated in a decision certifying the class:

> Counsel for plaintiff are experienced in securities law and class action litigation and will adequately protect the interest of the class.

Judge Lasker, in Rosengarten v. International Telephone and Telegraph Corp., [1981 Tr. Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,876 (S.D.N.Y. 1981), an action in which Mr. Wechsler supervised Goodkind, Wechsler's participation on behalf of the plaintiff class stated:

> [C]ounsel [are] attorneys of experience and repute in the field of stockholder and derivative actions . . . they served the corporation and its stockholders with professional competence, "admirable diligence", imagination and tenacity. They contributed to the improvement of the company's procedures and performed a service to both the company and to the stockholders.

Mr. Wechsler also led the team of attorneys that successfully prosecuted the class action, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979), to a landmark decision in federal civil procedure. He was also the responsible partner in Van Gemert v. Boeing, one of the earliest actions maintained as a class action under the then newly amended Federal Rules of Civil Procedure and one of the very few securities class actions ever to go to trial and judgment.

3

Moreover, Mr. Wechsler played an integral role in obtaining a landmark Supreme Court decision in an important phase of that action. See Boeing Co. v. Van Gemert, 444 U.S. 472 (1980).

Robert I. Harwood, a named partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities actions and other class and derivative actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, Judge Knapp had occasion to state in Blank v. Ronson, 82 Civ. 7443 (S.D.N.Y. June 10, 1985): "Certainly the attorney proposing the settlement has demonstrated his competence . . . . " Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood also was in charge of the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action Suit" p. 18, col. 1). Mr. Harwood served as co-lead counsel in In Re Electro-Catheter Corporation Securities Litigation, 87 Civ. 41 (D.N.J. September 7, 1989), referred to above, and in In Re Interco Incorporated Shareholders Litigation, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an extensive record that establishes it was very

4

hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits." Mr. Harwood served as co-lead counsel in In re The Times Mirror Company Shareholders Litigation, (Delaware Chancery Court, November 1994) in which a settlement fund in excess of $20 million was created for the benefit of Times Mirror's shareholders. Mr. Harwood also served as co-lead counsel in In re JWP Inc. Securities Litigation, which resulted in a $37 million settlement fund.

John Halebian, a named partner with the Firm, graduated from Georgetown University (undergraduate) and Villanova Law School where he served on the Law Review as a Case and Comments Editor and as Editor-in-Chief of The Docket, the law school newspaper.

Since graduating from Villanova in 1977, he has specialized in federal and state corporate and commercial litigation with an emphasis on securities litigation. Prior to his becoming a partner with Wechsler Harwood, Mr. Halebian worked approximately six years at another New York City law firm, where he had primary responsibility for handling several large complex federal securities class actions that involved the defense of officers and directors of public companies, and the defense of attorneys and accountants. Some of the cases for which Mr. Halebian had major responsibilities included Den Haene v. Pryor Cashman Sherman & Flynn, et al., 78 CIV 4360 (CES) (S.D.N.Y.) (a federal securities class action involving an alleged fraudulent coal mining tax shelter limited partnership and over $100 million of deductions), and Kolin v. American Plan, et al., 84 CIV 4099 (CPS) (E.D.N.Y.) (federal securities class action involving alleged false and misleading statements regarding the financial condition of the company.)

5

Mr. Halebian has also successfully arbitrated to conclusion several securities fraud litigations before the New York Stock Exchange and the American Arbitration Association. Mr. Halebian was lead trial counsel in an A.A.A. arbitration involving a shareholders' derivative action in which he successfully recovered a judgment in favor of the corporation and its shareholders. In addition, Mr. Halebian was lead counsel in a NYSE arbitration regarding customer complaints of churning and suitability claims in which he recovered a money damage award against both the brokerage firm and the broker. Since 1989, Mr. Halebian has recovered approximately $1,000,000 in damages, by way of settlement or award, on behalf of individual investors who have sued major brokerage firms for churning and suitability claims.

Mr. Halebian has served as lead or co-lead counsel or as a member of an executive or steering committee in class action shareholder litigations around the country that were successfully prosecuted to conclusion such as: 1) Howard Savings Bank Securities Litigation, 89-5148 (AMW) (D.NJ 1989) (recovery of $7.6 million in connection with claims alleging false and misleading statements relating to bank loan loss reserves); 2) Avon Products, Inc. Securities Litigation, 89 Civ. 6216 (MEL) (S.D.N.Y. 1989) (recovery of $6.4 million relating to claims alleging false and misleading statements regarding earnings projections); 3) Goldsmith v. Technology Solutions Co., 92 C. 4374 (Judge Manning) (N.D.Ill. 1992) (recovery of $4.6 million in connection with allegations of false and misleading statements regarding revenue recognition policy); and 4) Presidential Life Corp. Securities Litigation, 92 Civ. 6968 (BDP) (S.D.N.Y. 1992) (recovery of $1.7 million relating to allegations of false and misleading statements regarding valuation of junk bonds in insurance company investment portfolio). More recently, Mr. Halebian was one of the lead attorneys in one of several actions pending in both federal and state court

6

against NationsBank regarding its sales of securities to bank customers, which collectively settled (in 1995 and 1998) for approximately $60 million.

Joel C. Feffer, one of the founding members of the firm, was the partner supervising the litigation of In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.) (settlement benefit in excess of $20 million) and Edge Partners, L.P. v. Dockser, et al., (D. Md.) (settlement benefit in excess of $11 million). In addition, Mr. Feffer was in charge of the successful prosecution of the Regeneron Pharmaceuticals, Inc. Securities Litigation in the Southern District of New York (settlement fund in excess of $4 million) and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million on behalf of holders of preferred stock of Tesoro Petroleum Corp.).

Mr. Feffer graduated from Georgetown University Law Center in 1967 and specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York State and American Bar Associations.

Andrew D. Friedman, a partner of the Firm, is a Phi Beta Kappa and Magma Cum Laude graduate of George Washington University. Mr. Friedman graduated with honors from New York University School of Law in 1985, and has since specialized in corporate and securities litigation, including numerous class and derivative actions.

Mr. Friedman has recently concentrated much of his efforts on actions brought on behalf of limited partners of public limited partnerships and has played a primary role in numerous other litigations in which Wechsler Harwood acted as lead counsel, wherein substantial benefits were conferred upon shareholders, such as Katz, et al. v. Pels, et al., 90 Civ. 7787 (S.D.N.Y.),

a derivative action, brought on behalf of Lin Broadcasting Corporation, that was settled by defendants' agreement to provide the company with cash and benefits worth in excess of $11.5 million, Katz, et. al. v. Hay (LTV Corp.), 86 Civ. 5640 (S.D.N.Y.) ($9.5 million settlement fund), In re American Savings Bank F.S.B. Litigation, 90 Civ. 2825 (S.D.N.Y.) ($3.5 million settlement fund), Steiner v. North Fork Bancorporation, Inc., et al., 91-CV-44 (E.D.N.Y.)($1.3 million settlement fund), Herbert Bush v. The FDI Group, et al., 93-2484 (Florida Circuit Court) ($17 million settlement fund), and Lewis v. General Employment Enterprises, Inc. ("GEE"), Consol. C.A. No. 90 CH 5953 (Circuit Ct., Cook Cty. Ill. December 1990), in which the Court issued a permanent injunction against the implementation of a Shareholder Rights Plan which was found to violate shareholders' constitutional right to cumulatively vote their shares. In the federal aspect of the litigation against GEE, Lewis v. GEE, No. 91C 0291 (N.D. Ill. January 21, 1991) (Rovner, J.), plaintiff successfully restrained the use of an allegedly false and misleading proxy statement in connection with a proposal to reincorporate the company in Delaware and eliminate important shareholder rights. After the issuance of the Court's ruling, defendants abandoned the proxy statement and the unfavorable proposal.

Daniella Quitt, a member of the Firm, graduated from Fordham University School of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and Fifth Circuit Court of Appeals.

Ms. Quitt has played a significant role in numerous actions in which Wechsler Harwood served as lead or co-lead counsel, wherein substantial benefits were conferred upon

8

plaintiff shareholders, such as In re JWP Inc. Securities Litigation, (S.D.N.Y.) ($37 million settlement fund); In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.) (settlement benefit in excess of $20 million); In re Sears Roebuck and Co. Derivative Litigation, (Sup. Ct. N.Y. County) (settlement benefit of $8.25 million and therapeutics); In re Rexel Shareholder Litigation, (Sup. Ct. N.Y. County) (settlement benefit in excess of $38 million); and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million).

Prior to joining Wechsler Harwood in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Wechsler Harwood, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial litigation.

Matthew M. Houston, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Wechsler Harwood in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: Pace American Shareholder Litigation, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); In re Bay Financial Securities Litigation, Master File No. 89-2377-DPW, (J. Woodlock) D. Mass.

9

(settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); Goldsmith v. Technology Solutions Company, 92 C 4374 (J. Manning) N.D. Ill. 1992 (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition); Crandon Capital Partners v. Sanford M. Kimmel, C.A. No. 14998 (J. Chandler) Del. Ch. 1996 (settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger.)

Samuel K. Rosen, a member of the Firm, graduated Princeton University in 1965 and cum laude from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern. In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979).

James G. Flynn, a member of the Firm, graduated cum laude from Fordham College in 1980 and cum laude from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Fifth Circuit. Prior to joining Wechsler Harwood Halebian & Feffer LLP, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions.

Frederick W. Gerkens, III, a member of the firm, graduated from New York Law School, cum laude, and received an L.L.M. Degree in Corporate Law, cum laude, at Fordham University School of Law in 1997. Mr. Gerkens is also a Certified Public Accountant and holds

10

an M.B.A. from Temple University. Before joining the Firm, Mr. Gerkens practiced in the fields of commercial litigation and employment law and worked at the United States Securities and Exchange Commission in Washington, D.C. Prior to practicing law, Mr. Gerkens obtained extensive experience in auditing, financial reporting, corporate finance and securities broker-dealer regulation. Mr. Gerkens was previously employed at PaineWebber Incorporated as a vice president of corporate reporting and prior to that as an auditor at Coopers & Lybrand, LLP. Mr. Gerkens is a member of the Bar of the State of New York and the American Institute of Certified Public Accountants. He is also admitted to the United States District Courts for the Southern and Eastern Districts of New York.

Scott A. Kamber, of counsel to the Firm, graduated with University and Departmental Honors from The Johns Hopkins University in 1986. Mr. Kamber graduated cum laude from University of California, Hastings College of the Law in 1991 where he was Order of the Coif, Articles Editor for Hastings Constitutional Law Quarterly and a member of the Moot Court Board. Mr. Kamber has extensive courtroom experience and has tried over 15 cases to verdict. Prior to joining Wechsler Harwood, Mr. Kamber represented both plaintiffs and defendants in a wide range of commercial litigation and has played a principal role in numerous employment discrimination suits. Mr. Kamber is admitted to practice in the State of New York as well as the Federal Courts in the Southern and Eastern Districts of New York. He is also admitted to practice before the United States Court of Appeals for the Second Circuit. Prior to practicing law, Mr. Kamber was a financial consultant.

Joshua D. Glatter, an associate at the Firm, graduated with academic distinction from the State University of New York at Binghamton in 1991. He received his J.D. from the

11

University of Pennsylvania Law School. Mr. Glatter is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York. Following his law school graduation, Mr. Glatter served as a law clerk to the Honorable Tina L. Brozman, former chief Judge for the United States Bankruptcy Court for the Southern District of New York. After his clerkship, and prior to joining the Firm, Mr. Glatter represented both plaintiffs and defendants in a variety of complex commercial, securities, class action and white collar criminal litigation.

Thomas J. Harrison, an associate at the Firm, graduated from Princeton University in 1993. He received his J.D. from Fordham University School of Law in 1996, where he received the Archibald A. Murray Public Service Award. Prior to joining Wechsler Harwood, Mr. Harrison represented both plaintiffs and defendants in a wide range of commercial litigation, personal injury, and probate matters. Mr. Harrison is admitted to practice in the State of New York as well as the Federal Courts in the Southern and Eastern Districts of New York.

## FIRM BIOGRAPHY
### Lite DePalma Greenberg & Rivas, LLC
### JULY - 2000

Lite DePalma Greenberg & Rivas, LLC is a general practice law firm located in Newark, New Jersey specializing in commercial and complex litigation with a concentration in class action matters in the areas of securities, antitrust, consumer fraud and insurance sales practices.

The firm has a full support staff aided by state-of-the-art computer equipment.  Computer assisted legal research is provided through LEXIS and WESTLAW.  Recordkeeping, billing, trust account management and docket control are all computerized.

The following are brief sketches of the backgrounds of Lite DePalma Greenberg & Rivas, LLC members:

**ALLYN Z. LITE** specializes in commercial and class action litigation.  He was designated by the Judges of the United States District Court for the District of New Jersey as Clerk of that Court from 1982 to 1986.  While in that position, Mr. Lite created the Court's alternative dispute resolution program and served on and was Reporter for the committee that drafted the current Local Rules of the United States District Court for New Jersey.  He was a member of the committee that drafted the new Rules of the United States Bankruptcy Court for the District of New Jersey, and participated as one of ten original members of the United States District Court Lawyer's Advisory Committee, on which he served for 11 years.  He is the author of New Jersey Federal Practice Rules Gann, a commentary and annotations to the United States District Court's Local Rules, published annually, and cited frequently by the judges of that Court.

Earlier, in private practice, Mr. Lite established and coordinated procedures for the nationwide defense of a major manufacturer of safety products in asbestos litigation, and also handled defense of environmental matters involving discharge of petrochemicals with Federal EPA and the U.S. Coast Guard. Mr. Lite served on the Lawyers' Advisory Committee for the United States Court of Appeals for the Third Circuit from 1992 through 1994 and served as a member of the Third Circuit Task Force on Equal Treatment in The Courts, Gender Commission. Mr. Lite has also been selected to participate as a mediator for the United States District Court pursuant to that Court's plan under the Civil Justice Improvements Act of 1990. As a mediator, Mr. Lite participated in environmental litigation involving the nations' largest Superfund site, and a multi-plaintiff public sector discrimination lawsuit, among others. As counsel to a plaintiff class, Mr. Lite participated in, and resolved, a class action securities litigation through mediation.

His class action litigation experience includes serving in an active role as counsel in numerous cases in New Jersey including: Mollie H. Sanders v. Orlando E. Panfile, et als., Civil Action No. 87-2323 (AMW), District of New Jersey; In re First Fidelity Bancorporation Securities Litigation, Master File No. 88-5297 (HLS), District of New Jersey (liaison counsel); In re Todd Shipyards Securities Litigation, Master File No. 88-2580 (DRD), District of New Jersey (liaison counsel); In re The Regina Company, Inc. Securities Litigation, Civil Action No. 88-4149 (HAA), District of New Jersey; Rose Cammer, et als. v. Bruce M. Bloom, et als., Civil Action No. 88-2458 (AJL), District of New Jersey; Pearl Newman, et al. v. On-Line Software International, Inc., et al., Civil Action No. 88-3247 (JCL), District of New Jersey (representing defendants); In re C.R. Bard, Inc. Securities Litigation, Master File No. 90-948 (AMW), District of New Jersey (liaison counsel); Ward, et al v. Wellman, Inc., et al, Civil Action No. 90-376 (JCL), District of New Jersey; In re Kenbee Limited Partnerships Litigation, Civil Action No. 91-2174 (GEB), District of New Jersey (liaison counsel); In Re Mutual Benefit Life Policyholders Class Action Litigation, Docket No. L-91-5318, Superior Court of New Jersey, Law Division (Mercer County) (lead counsel); In re Baby Food Antitrust Litigation, Master File No. 92-5495 (NHP), District of New Jersey (liaison counsel); Henry Kopacki v. A.L. Laboratories, Inc., et als., Civil Action No. 92-4788 (HAA), District of New Jersey; Weiss v. Mercedes Benz of North America, Inc., Master File No. 93-96 (JWB), District of New Jersey; In re Biocraft Laboratories,

-2-

Inc. Securities Litigation, Master File No. 93-5147 (JCL), District of New Jersey; In re Bronze and Copper Flake Antitrust Litigation, Master File No. 93-4673 (AET), District of New Jersey (liaison counsel); Princeton Economics Group, Inc. v. American Telephone and Telegraph Co., Docket No. L-3221-91, Superior Court of New Jersey, Law Division (Mercer County) (lead counsel); In re American Cyanamid Company Shareholders Litigation, Master File No. C-159-94, Superior Court of New Jersey, Chancery Division, Passaic County; In re Borden, Inc. Shareholder Litigation, Docket No. MER-C-139-94, Superior Court of New Jersey, Chancery Division, Mercer County; In re Puretech International, Inc. Securities Litigation, Master File No. 94-890 (JWB), District of New Jersey; Romano v. Prudential Insurance Company of America, et al., Master Docket No. C-8494, Superior Court of New Jersey, Chancery Division, Essex County; In re Prudential Insurance Company of America Sales Practices Litigation, Master File No. 95-4704 (AMW), District of New Jersey (liaison counsel); Charles v. Goodyear Tire and Rubber Co., Civil Action No. 94-5626 (GEB), District of New Jersey (lead counsel); Garcia v. General Motors, Docket No. L-4394-95, Superior Court of New Jersey, Law Division, Bergen County (liaison counsel); Weinberg v. Sprint Corp., Civil Action No. 96-354 (AMW), District of New Jersey; Eisenman v. Continental Airlines Inc., Civil Action No. 96-1368 (HAA), District of New Jersey; Chin v. Chrysler Corporation, Civil Action No. 95-5569 (JCL), District of New Jersey; Cowit v. Roberts Pharmaceutical Corp., Civil Action No. 95-1506 (MLP), District of New Jersey; Farrow v. Chrysler Corp., Docket No. MRS-L-2520-97, Superior Court of New Jersey, Law Division, Morris County; Kathuria v. Comcast Cellular Communications, Inc., Docket No. L-5079-95, Superior Court of New Jersey, Law Division, Middlesex County; and Iwanowa v. Ford Motor Company and Ford Werke A.G., Civil Action No. 98-959 (JAG), District of New Jersey.

**JOSEPH J. DePALMA** litigates in the commercial and class action areas, and does transactional work for the firm's corporate clients.  He has a Masters Degree in Business Administration which is valuable to those corporate clients as well those seeking advice in real estate, bankruptcy matters, and commercial litigation.

His class action experience includes serving an active role as counsel in many cases, including: In re Baby Food Antitrust Litigation, Master File No. 92-5495 (NHP), District of New

-3-

Jersey (liaison counsel); In re Bronze and Copper Flake Antitrust Litigation, Master File No. 93-4673 (AET), District of New Jersey; In re Computron Software, Inc. Securities Litigation, Civil Action No. 96-1911 (AJL) (liaison counsel); Romano v. Prudential Insurance Company of America, et al., Master Docket No. C-8494, Superior Court of New Jersey, Chancery Division, Essex County; In re Prudential Insurance Company of America Sales Practices Litigation, Master File No. 95-4704 (AMW), District of New Jersey (liaison counsel); Marcuccilli v. Jencraft Corporation, Docket No. L-4877-96, Superior Court of New Jersey, Law Division, Passaic County; McKaige v. GAF Building Materials Corporation, Docket No. L-319-97, Superior Court of New Jersey, Law Division, Middlesex County; In re USA Detergents, Inc. Securities Litigation, Master File No. 97-2459 (MTB), District of New Jersey (liaison counsel); In re: The Children's Place Securities Litigation, Master File No. 97-5021 (JCL), District of New Jersey (liaison counsel); Ferrari v. Medical Resources, Inc., et al., Civil Action No. 97-5531 (WHW), District of New Jersey (liaison counsel); and Dechter-Spiegel v. Physician Computer Network, Inc., et al., Civil Action No. 98-981 (MTB), District of New Jersey.

Mr. DePalma has handled a wide range of environmental matters, including closing title to an out-of-state solid waste facility and negotiating with the New Jersey Department of Environmental Protection and Board of Public Utilities in a complex enforcement case. He has handled many ISRA matters, including negotiating administrative consent orders. Mr. DePalma has lectured in the area of real estate law. Mr. DePalma also served as a member of the New Jersey Supreme Court's District Ethics Committee. He currently serves as Lite DePalma Greenberg & Rivas, LLC's Managing Partner.

**BRUCE D. GREENBERG** is extensively involved in sophisticated commercial and real estate litigation as well as all aspects of the firm's class action litigation, particularly in the areas of consumer fraud and insurance sales practices. He also has significant experience in land use law and brokerage and construction litigation. He has been and continues to be immersed in appellate practice where he has briefed and argued landmark cases in the appellate courts. As a former New Jersey Supreme Court law clerk, he has special insight into the appellate process of the New

-4-

Jersey State courts. He is also involved in mediation and arbitration efforts for the State court system.

**ALBERTO RIVAS** was an Assistant U.S. Attorney in the United States Attorney's Office for the District of New Jersey from 1987 until 1996, the last three years serving as a Deputy Chief in the Criminal Division. As a federal prosecutor he tried over a dozen federal criminal cases, including homicides, extradition matters, healthcare fraud and tax. Currently, Mr. Rivas is an Adjunct Professor at Rutgers University School of Law - Newark. He is also a frequent commentator on Court TV. Mr. Rivas has served on various committees, including the U.S. District Court Lawyers' Advisory Committee, 1995-1997; Board Member, Newark-Essex Legal Services Board, 1993--; and the Third Circuit Task Force on Equal Treatment in the Courts, Race and Ethnicity Commission 1994-1998. He is the former President, Rutgers University School of Law-Newark Alumni Association, 1995-1996, and a Trustee of the Hispanic Bar Association. Mr. Rivas has served as a guest lecturer for the Association of Criminal Defense Lawyers and the New Jersey Institute of Continuing Legal Education. Mr. Rivas has also served as the Law Director for the City of Perth Amboy and is a member of the District VA of the Fee Arbitration Committee. Mr. Rivas was appointed by the Unite States District Court in 2000 to monitor the Consent Decree entered into between the United States and the State of New Jersey to rectify problems of racial profiling by the New Jersey State Police.

## MEMBERS OF THE FIRM

**ALLYN Z. LITE**, born Detroit, Michigan, October 18, 1943; admitted to bar, 1979, New Jersey, U.S. District Court, District of New Jersey and U.S. Court of Appeals, Third Circuit; 1980, U.S. Tax Court; 1983, U.S. District Court, Southern and Eastern Districts of New York; 1987, U.S. Supreme Court; 1998, U.S. District Court, Eastern District of Michigan. Education: University of Michigan (B.S., 1966); Rutgers University (M.F.A., 1968); Seton Hall Law School (J.D., cum laude, 1978). Member, Federal Court Clerks Association, 1981-1985. Author "Another Attempt to Hweal the Wounds of the Holocaust; 27 Human Rights No. 2, American Bar Association (Spring 2000), New Jersey Federal Practice Rules (Gann Law Books, 1998),

"Class Actions," <u>Federal Civil Practice Handbook</u> (N.J.ICLE 1992), "The Preaccusation Delay Dilemma", 10 Seton Hall Review, 538, 1980.  Adjunct Professor, Seton Hall Law School, 1980-1984; New York Law School, 1984-1986.  Lecturer, Federal Judicial Center, 1982-1985. Law Clerk, Hon. H. Curtis Meanor, U.S. District Court Judge, District of New Jersey, 1978-1979.  Executive Assistant to Hon. Clarkson S. Fisher, Chief Judge, District of New Jersey, 1981-1982.  Clerk of U.S. District Court, District of New Jersey, 1982-1986.  Certified Mediator, U.S. District Court, District of New Jersey.  Member:  U.S. District Court Speedy Trial Planning Group, 1979- ; U.S. District Court Lawyers Advisory Committee, 1984-1995; U.S. Bankruptcy Court Committee on Local Rules, 1986- ; Third Circuit Automation Committee, 1984-1986; U.S. District Court Bicentennial Committee, 1985-.  Trustee, U.S. District Court Historical Society, 1986-1997.  Member, New Jersey Supreme Court District Ethics Committee, 1988-1991, Chair-District V Ethics Committee, 1990-1991.  Member:  Essex County, New Jersey State (Member, Section on Federal Practice and Procedure) and American (Member, Section on Science and Technology, Committee on Technology and Court Systems) Bar Associations; Association of the Federal Bar of New Jersey (Member, 1984; Vice-President, 1985-).  **Federal Practice; Class Actions; Complex Commercial  litigation**.

**JOSEPH J. DePALMA**, born Newark, New Jersey, June 29, 1956; admitted to bar, 1982, New Jersey and U.S. District Court, District of New Jersey; 1984, U.S. Court of Appeals, Third Circuit. 1986, U.S. Supreme Court.  Education:  Seton Hall University (B.S., 1978; J.D., cum laude, 1982; M.B.A., 1982).  Lecturer: "Real Estate Law in New Jersey", National Business Institute.  Member:  New Jersey State (Member, Environmental Law Section) and American Bar Associations.  **Class Actions; Complex Commercial Litigation; Real Estate Law.**

**BRUCE D. GREENBERG**,  born Newark, New Jersey, April 8, 1957; admitted to bar, 1982, New Jersey and U.S. District Court, District of New Jersey.  Education: University of Pennsylvania (B.A., 1979); Columbia University (J.D., 1982), Harlan Fiske Stone Scholar. Author: "25 Years of the New Jersey Antitrust Act," 26 Seton Hall Law Review 637 (1996); "The Right to a Civil Jury Trial in New Jersey," 47 Rutgers Law Review 1461 (1995); "The

-6-

Supreme Court Dials In," 151 New Jersey Law Journal 1100 (1998); "A Towering Question is Settled," 141 New Jersey Law Journal 1210 (1997); "Using Antitrust Law to Prevent Land Use 'SLAPP Suits,'" 140 New Jersey Law Journal 1187 (1995); "Time to Curtail the 'Time of Decision' Rule, 139 New Jersey Law Journal 1008 (1995); "Rent Boards Deserve No Deference," 126 New Jersey Law Journal 681 (1990); "New Jersey's 'Fairness and Rightness' Doctrine," 15 Rutgers Law Journal 927 (1984); "Probation Conditions and the First Amendment: When Reasonableness is not Enough," 17 Columbia Journal of Law and Social Problems 45 (1981). Lecturer, "How to Handle Brokerage Commission Claims Against Successors-in-Title," New Jersey Institute of Continuing Legal Education, January, 1995. Law Secretary, Hon. Daniel J. O'Hern, Associate Justice, New Jersey Supreme Court, 1982-1983. Special Land Use counsel to Warren Township, New Jersey, 1998-99. Chairman, New Jersey Law Firm Group (consortium of major private firms to further minority hiring), 1992-1993. Settlement Judge (Mediator), Essex County Superior Court, 1992--. Arbitrator, Essex County Superior Court Contract Arbitration Program, 1995--. Member, Supreme Court of New Jersey Committee on Character, 1990--. *Member:* New Jersey State Bar Association (Member: Appellate Practice Committee; Land Use Law Section). Reported Opinions: In Re Prudential Insurance Company of America Sales Practices Act, 962 F.Supp. 450 (D.N.J. 1997); Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352 (1996); Sica v. Wall Twp. Bd. of Adjustment, 127 N.J. 152 (1992); North Bergen Action Group v. North Bergen Twp. Planning Bd., 122 N.J. 567 (1991); Prudential Ins. Co. of America v. Guttenberg Rent Control Bd., 220 N.J. Super. 25 (App. Div. 1987); Village Supermarket, Inc. v. Mayfair Super Markets, Inc., 269 N.J. Super. 224 (Law Div. 1993); K. Hovnanian at Lawrenceville, Inc. v. Lawrence Township Mayor & Council, 234 N.J. Super. 422 (Law Div. 1988). **Class Actions; Commercial Litigation; Appellate Practice; Land Use Litigation.**

**ALBERTO RIVAS**, born Passaic, New Jersey, March 15, 1960; admitted to bar, 1985, New Jersey and U.S. District Court, District of New Jersey. Education: Princeton University (A.B. History 1982); Rutgers University School of Law - Newark (J.D. 1985). Judicial Law Clerk, Hon. Anne E. Thompson, United States District Court Judge, District of New Jersey, 1985-1987. Assistant U.S. Attorney, United States Attorney's Office for the District of New

Jersey, 1987-1996; Deputy Chief in the Criminal Division, 1993-1996. Adjunct Professor, Rutgers University School of Law - Newark. Guest commentator, Court TV. U.S. District Court Lawyers' Advisory Committee, 1995-1997; Board Member, Newark-Essex Legal Services Board, 1993--; Third Circuit Task Force on Equal Treatment in the Courts, Race and Ethnicity Commission 1994-1998. President, Rutgers University School of Law-Newark Alumni Association, 1995-1996. Trustee, Hispanic Bar Association. Lecturer, Association of Criminal Defense Lawyers; New Jersey Institute of Continuing Legal Education. Law Director for the City of Perth Amboy, 1996-1999. Member of the District VA of the Fee Arbitration Committee. **Criminal Law**.

## OF COUNSEL

**NORMAN M. ROBERTSON,** admitted to bar 1978, New York, and U.S. District Courts, Southern and Eastern Districts of New York, and U.S. District Court, District of New Jersey, 1979. Education: Rutgers College (B.A., Henry Rutgers Scholar 1972); Fordham University School of Law (J.D. 1978). Elected to New Jersey State Senate 1997, member Senate Judiciary Committee. Litigation, Federal and Local Governmental and Public Affairs.

**ALAN H. PERZLEY,** born Newark, New Jersey, February 9, 1955, admitted to bar 1982, New Jersey, and U.S. District Court, District of New Jersey, 1986, U.S. Court of Appeals, Third Circuit, New York and U.S. Supreme Court. Education: University of Virginia (B.A. with distinction, 1977); Seton Hall Law School (J.D., 1982). Commercial and Residential Real Estate Law, Banking, Land Use and Zoning, Corporate Environmental Law and Estate Planning.

**ERIC WERTHEIM,** born Brooklyn, New York, November 29, 1958; admitted to bar 1988, New York, Southern District of New York 1989, New Jersey and U.S. District Court, District of New Jersey, 1996. Education: S.U.N.Y. Binghamton (B.A. 1980) Fordham University School of Law (J.D. 1987) Law Review. Author: Note, Anonymous Juries, 54 Fordham L. Rev. 981 (1986). Reported Opinions: Concern Sojuzvneshtrans v. Buyanovski, ___ F. Supp. 2d _____

(D.N.J. 1999); Fisk v. SuperAnnuities, 927 F. Supp. 718 (S.D.N.Y 1996); GPA, Inc. v. Liggett Group, Inc., 1996 WL 389288 (S.D. N.Y.).  Complex Commercial Litigation.

**ROOSEVELT N. NESMITH,** born Philadelphia, Pennsylvania, May 12, 1960. Admitted to bar 1990, New York and United States District Courts Southern and Eastern District of New York, 1991, Northern District of New York, 1997, and United States District Court, District of New Jersey, 2000.  Complex Civil Litigation, Class Actions, Creditors' Rights.

## ASSOCIATES

**MICHELE SOTO,** born Brooklyn, New York, February 17, 1961; admitted to bar, 1988, New Jersey, and U.S. District Court, District of New Jersey; Education: Princeton University (A.B. History 1983); Georgetown University Law Center, (J.D. 1987). Associate Clinical Professor at Seton Hall University Law School (General Civil Litigation Clinic) 1998-present.  Office of the Public Defender (Essex Region) 1989-1998.  Trustee, Association of Criminal Defense Lawyers, Hispanic Bar Association of New Jersey; Criminal Chair of the Essex County Bar Association.  Board member, Marylawn of the Oranges School, South Orange, New Jersey.  Instructor, New Jersey Institute of Continuing Legal Education.  Author, "Criminal Practice in Essex County - A Defense Counsel's View," *Traps for the Unwary,* Essex County Bar Foundation.  Attorney judge, Mock Trial Competition, New Jersey State Bar Association. Coordinator of the New Jersey Women's Law Convention 1996.

**STEPHANIE KAY AUSTIN,** born New Brunswick, New Jersey, August 19, 1966; admitted to bar, 1992, New Jersey and U.S. District Court, District of New Jersey.  Education: State University of New York at Albany (B.A., cum laude, 1988); Seton Hall School of Law (J.D., cum laude, 1992), Legislative Bureau, Director of Staffing and Symposium.