**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE SCHERING-PLOUGH CORPORATION | : | Master File No: |
| SECURITIES LITIGATION | : | 01-CV-0829 (KSH/MF) |
| | : | |
| | : | |

**ORDER APPROVING LEAD PLAINTIFF'S**
**PROPOSED PLAN OF ALLOCATION**

On June 1, 2009, a hearing having been held before this Court to consider, among other matters:  (1) Lead Plaintiff's Plan of Allocation (the "Plan") for distribution of the Net Settlement Fund to be established as a result of the Settlement of this Action; and (2) the fairness and reasonableness of the Plan to Class Members;

And the Plan, having been set forth in the Notice of Proposed Class Action Settlement and Settlement Hearing ("Notice") that was disseminated to Class Members in accordance with the Court's Order entered on February 19, 2009;

And the Court, having considered all matters submitted to it in connection with the hearing and otherwise having determined the fairness and reasonableness of the Plan for distributing the Net Settlement Fund to Class Members;

And all capitalized terms used herein having the meanings as set forth and defined in the Stipulation of Settlement (the "Stipulation"), filed with the Court on February 12, 2009 [Docket Entry No. 151];

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The proposed Plan of Allocation of the Net Settlement Fund set forth in the Notice is APPROVED.  The Court finds and concludes that the Plan is fair and reasonable to the

members of the Class, and notes that no Class Member has objected to the Plan.  Lead Plaintiff is authorized and directed to utilize the Plan as the basis for calculating the Proofs of Claim submitted by Class Members in connection with the Settlement of this Action.

2.     There shall be no distribution of any of the Settlement Fund to Class Members until this Order becomes final, and is either affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise has expired.

3.     The Notice described herein provided the best notice practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings and the matters set forth therein, including the Plan of Allocation, to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law.

4.     There is no just reason for delay in the entry of this Order Approving Lead Plaintiff's Proposed Plan of Allocation, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

 Dated: 31, 2009                                BY THE COURT:


                                                /s/ Katharine S. Hayden
                                                Katharine S. Hayden, U.S.D.J