UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE SCHERING-PLOUGH CORPORATION SECURITIES LITIGATION | : : : : : : | Master File No: 01-CV-0829 (KSH/MF) |

ORDER AWARDING ATTORNEYS' FEES
AND EXPENSES TO LEAD COUNSEL

On June 1, 2009, a hearing having been held before this Court to determine, among other matters, whether and in what amount to award Plaintiffs' Lead Counsel, Barrack, Rodos & Bacine ("Lead Counsel"), attorneys' fees and reimbursement of expenses;

And it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the securities of Schering-Plough Corporation during the period from May 9, 2000 through and including February 15, 2001 (the "Class Period"), and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court;

And the Court having considered all matters submitted to it in connection with the hearing and otherwise having determined the fairness and reasonableness of the application of Lead Counsel for an award of attorneys' fees and expenses, including objections submitted on behalf of two purported Class Members;

And all capitalized terms used herein having the meanings as set forth and defined in the Stipulation of Settlement (the "Stipulation"), filed with the Court on February 12, 2009 [Docket Entry No. 151];

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members, and Defendants.

2. Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying Class Members of the application for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses is GRANTED. Lead Counsel is hereby awarded 23% of the Settlement Fund, net of Court-approved expenses, which sum the Court finds to be fair and reasonable, and $1,852,207.61 in reimbursement of expenses, which amounts shall be paid to Lead Counsel from the Settlement Fund in accordance with the Stipulation. Any allocation of the award of attorneys' fees among Plaintiffs' Counsel shall be in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action. The fee and expense awards made pursuant to this paragraph shall also include the proportionate share of interest earned on that portion of the Settlement Fund.

4.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Order and Final Judgment.

5.      Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Class Members.

6.      In the event that the fee and expense award pursuant to this Order is reduced or reversed after it has been paid from the Settlement Fund, Lead Counsel and each of its partners, shareholders and/or members shall be jointly and severally obligated to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund within ten (10) business days of written notification of such reduction or reversal.

7.      There is no just reason for delay in the entry of this Order Awarding Attorneys' Fees and Expenses to Lead Counsel, and immediate entry of this Order by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: December 31, 2009                              BY THE COURT:


                                                                          /s/Katharine S. Hayden
                                                                          Katharine S. Hayden, U.S.D.J.