**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION SECURITIES LITIGATION | : <br> : Master File No: <br> : 01-CV-0829 (KSH/MF) <br> : |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of February 12, 2009 [Docket Entry No. 151] and the Modification to Stipulation of Settlement dated as of May 27, 2009 [Docket Entry No. 158] (the "Stipulation"). Due and adequate notice having been given to the Class Members as required in the Court's Order entered on February 19, 2009, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      For purposes of this Final Judgment, the Court adopts all defined terms set forth in the Stipulation between Lead Plaintiff and Defendants.

2.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class Members. The Court further finds that the Settlement set forth in the Stipulation is the result of arms-length negotiations between experienced counsel representing the interests of the parties. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The parties to the

Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

3.     Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Lead Plaintiff and all other Class Members as against the Released Persons.  The parties are to bear their own attorney fees' and costs, except as otherwise provided in the Stipulation.

4.     Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim.

5.     Upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding, or otherwise to assist others to do so, in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any Released Claim against any of the Released Persons.

6.     Upon the Effective Date, all actions and claims for contribution against or by any of the Released Persons are permanently barred, enjoined and finally discharged (a) as set forth in 15 U.S.C. § 78u-4(f)(7)(A), and (b) as may be provided by applicable federal or state statutes or common law.

7.     Upon the Effective Date, each of the Released Persons are permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other

capacity, the Defendants' Claims against the Lead Plaintiff, Class Members or their attorneys. The Defendants' Claims are compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment. Nothing in this Order shall limit the right of any Class Member who is not identified on Exhibit 1 to submit a proof of claim and participate in the Settlement.

8.      The Court hereby finds that the Notice provided to the Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and the Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, § 21D(a)(7) of the PSLRA, 15 U.S.C. § 78u-4(a)(7), the requirements of due process or any other applicable law. Due and adequate notice of the proceedings has been given to the Class Members, and a full opportunity has been offered to the Class to object to the proposed Settlement, to participate in the hearing thereon, and to request exclusion from the Class.

9.      Neither the Stipulation, nor any of its terms and provisions, nor any of the agreements, negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.      Offered or received as evidence of or construed as or deemed to be evidence of liability or a presumption, concession or an admission by any of the Defendants of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Action or in any litigation, or otherwise against the Defendants, or of any purported liability, negligence, fault, wrongdoing or otherwise of the Defendants;

b.      Offered or received as evidence of or construed as or deemed to be evidence of a presumption, concession or an admission of any purported violation of law, breach of duty, liability, default, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Defendants or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation;

c.      Deemed to be or used as an admission of any liability, negligence, fault or wrongdoing of any Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

d.      Construed as a concession or an admission that the Lead Plaintiff or the Class Members have suffered any damage or as an admission or concession that the consideration to be given in the Settlement represents the amount which could be or would have been awarded to Lead Plaintiff or the Class Members after trial; or

e.      Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class Members, or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

10.     Without affecting the finality of this Judgment in any way, the Court hereby retains jurisdiction over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

11.     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation and/or Lead Counsel's Fee and Expense Application.  There shall be no distribution of any of the Settlement Fund to any Class Member until a Plan of Allocation is finally approved and is affirmed on appeal or is no longer subject to review by timely appeal or certiorari, specifically excluding the application of Rule 60(b) of the Federal Rules of Civil Procedure, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, of the order approving the Plan of Allocation has expired.

12.     The Court finds that the Class Members identified on the schedule attached hereto as Exhibit 1, and no others, have timely requested to be excluded from the Class and accordingly are not included in or bound by the Final Judgment being entered pursuant to this Order.

13.     Except as provided in the Stipulation, Defendants shall have no obligation for attorneys' fees, costs or expenses, including but not limited to expenses of administering and distributing the Settlement Fund.  All such attorney's fees, costs and expenses are to be paid out of the Settlement Fund subject to further order of this Court.

14.     The Court finds that the parties to this Action and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to the claims and defenses asserted in the Action.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund (less any taxes, Costs of Notice and Costs of Administration actually disbursed or incurred) shall be returned to Schering-Plough.

16.     There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

17.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any party.

Dated: December 31, 2009                                        BY THE COURT:


                                                                /s/Katharine S. Hayden
                                                                Katharine S. Hayden, U.S.D.J.